IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARC DeWAYNE HOWELL, )
 )
    Plaintiff, )
 )  Case No. 4:14-CV-350-JED-FHM
v. )
 )
WEST BUSINESS SOLUTIONS, LLC, )
 )
    Defendant. )

## OPINION AND ORDER

Before the Court is defendant's motion to dismiss plaintiff's claims (Doc. 8) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a motion to amend the initial relief amount (Doc. 9),[1] as well as a response to the defendant's motion to dismiss (Doc. 10). Based upon the foregoing, the Court grants dismissal in favor of defendant.

## I.  Background

Plaintiff Marc DeWayne Howell ("Howell"), proceeding pro se, filed this lawsuit against his former employer, Defendant West Business Solutions, LLC ("West"), asserting violations of 42 U.S.C. § 1983, Title I of the Americans with Disabilities Act of 1990 (the "ADA"), and the Civil Rights Act of 1991. (Doc. 2-1). Howell asserts that West intentionally harassed him during his employment and seeks relief in the amount of $75,500 in damages. (Docs. 2-1 & 9).

Howell alleges some preexisting medical issues, including torn cartilage in his right knee and attempts at losing weight under the care of a physician with "Slim Care" weight loss clinic. (Doc. 2-1 at 6). Howell further notes that the torn cartilage required him to adjust his groin area when sitting in a chair. (Doc. 2-1 at 7).

---

[1] The Court will construe plaintiff's motion to amend as a supplement to his petition.

West hired Howell on May 27, 2013, and Howell informed West shortly thereafter about his preexisting medical issues. (Doc. 2-1 at 6). In November 2013 and February 2014, plaintiff claims that he was "deliberately and intentionally" harassed by West employees, April and Sarah (presumably West supervisors), as "some form of political statement or protest, or other things [unknown] to [plaintiff]." (Doc. 2-1 at 7). Specifically, Howell was allegedly in violation of the company's break policy and an employee, Sarah, communicated West's disciplinary process to him. (Doc. 2-1 at 7). Howell alleges that West's computer timekeeping system was malfunctioning, which he communicated to his supervisors. (Doc. 2-1 at 7). Howell further alleges that one West employee, John, whose position is unspecified, verbally harassed him by saying "[i]t's because you're disabled" when plaintiff questioned the computer timekeeping system. (Doc. 2-1 at 8). Another supervisor, Patrick, allegedly advised plaintiff to "have a seat," with the "sly" implication that plaintiff would be forced to adjust his groin. (Doc. 2-1 at 8). Finally, plaintiff alleges that another supervisor, Mike, incorrectly scored his Quality Assurance test scores. (Doc. 2-1 at 8). Howell alleges that he was terminated by West on February 23, 2014. (Doc. 2-1 at 11).

## II. **Standard of Review**

In considering defendant's motion to dismiss, this Court must determine whether the plaintiff stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

2

plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). "Asking for plausible grounds … does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. "Thus, if allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Owens v. City of Barnsdall*, 2014 U.S. Dist. LEXIS 71796, *4 (N.D. Okla. May 27, 2014) (citing *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, this Court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

As noted, plaintiff here is pro se. Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nevertheless, a district court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal

construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.    Discussion

Howell claims that he was intentionally harassed in violation of 42 U.S.C. § 1983, Title I of the ADA, and the Civil Rights Act of 1991. (Doc. 2-1). Even before weighing Howell's arguments, Howell must establish a claim for relief before this Court.

#### A. 42 U.S.C. § 1983

Section 1983 provides an actionable claim for a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States …, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "The only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity." *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations and quotations omitted). Howell cannot state a § 1983 claim if West did not act as an extension of the state. Here, Howell does not allege that West is a governmental entity or that its employees are governmental workers. Nor does it appear that there is any basis to do so. Therefore, defendant's actions did

not arise "under color of law" and Howell's Section 1983 claims are dismissed without prejudice.

## B. Title I of the Americans with Disabilities Act of 1990 (ADA)

Howell also brings suit under the ADA. To bring a claim under the ADA, a plaintiff must allege "(1) that he is 'disabled' within the meaning of the ADA, (2) that he is qualified [for the position] with or without reasonable accommodation; and (3) that he was discriminated against because of his disability." *Butler v. City of Prairie Vill.*, 172 F.3d 736, 748 (10th Cir. 1999); *see also Benavides v. City of Oklahoma City*, 508 F. App'x 720, 724-25 (10th Cir. 2013). Howell's ADA-based claim is subject to dismissal for at least two reasons: (1) most notably, Howell fails to allege that his disability prevents him from performing any aspect of his current job, and further fails to allege that he could be accommodated in a different job; and (2) Howell fails to allege that he is disabled under the ADA, which requires the "substantial" impairment of a "major life activity."

First, Howell must plead that he is a "qualified individual with a disability" to bring a claim under the ADA. *Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1159 (10th Cir. 1999). An employee is a qualified individual with a disability "when that employee is unable to perform the essential functions of his or her present job, regardless of the level of accommodation offered, but could perform the essential functions of other available jobs within the company with or without a reasonable accommodation." *Id.* Here, Howell does not allege that his disability prevents him from performing any particular component of his job. Instead, Howell merely states that he needed to adjust his groin area upon sitting. (Doc. 2-1 at 7).

Furthermore, Howell does not allege that his disability required any additional accommodation from his employer for him to perform his job. Howell offers no allegation that

5

he ever requested or needed an accommodation. In *Smith*, plaintiff employee could not perform an essential function of his current job and plaintiff alleged he "desire[d]" a different job, but plaintiff's employer did not offer another job as an alternative, reasonable accommodation prior to firing him. 180 F.3d at 1161. "The plain language of the statute includes an employee who has the ability to do other jobs within the company that such disabled employee 'desires.'" *Id.* In *Smith*, though the court found that defendant employer did not accommodate plaintiff's desire for an alternative job, the employee was required to request this accommodation. Here, even when reading the petition in the light most favorable to Howell, he fails to allege (1) that his disability impaired a major life activity or (2) that he requested an accommodation from his employer and was denied.

Second, Howell fails to plead that he is disabled under the ADA. A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being recorded as having such an impairment." 42 U.S.C. § 12102. Regardless of how the disability is defined, it must "substantially limit one or more major life activities." *Id.* "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* Howell fails to allege that his disability impairs a major life activity, and further fails to allege that he is substantially impaired with regard to that activity.

Though Howell fails to plead that sitting is a major life activity, sitting has been considered a major life activity under federal regulation and Tenth Circuit precedent. "The ADA Amendments expressly made this statutory list of examples of major life activities non-

exhaustive, and the regulations include *sitting*, reaching, and interacting with others as additional examples." 29 C.F.R. § 1630 (emphasis added). *See Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1231 (10th Cir. 1999).

Howell fails to allege that his sitting was substantially limited. "For an impairment to substantially limit a major life activity, the individual must be unable to perform, or be significantly limited in the ability to perform, an activity compared to an average person in the general population." 29 C.F.R. § 1630.2(j); *see also Sorensen v. Univ. of Utah Hosp.*, 194 F.3d 1084, 1087 (10th Cir. 1999).

> Pursuant to the ADA regulations, in order for a physical or mental impairment to be "substantially limiting," the individual must be: (i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

*Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 900 (10th Cir. 1997), *aff'd*, 527 U.S. 471 (1999) (citing 29 C.F.R. § 1630.2(j)(1)). "To be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job." *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1999).

It is clear from Howell's petition that his disability did not cause him substantial limitation in the workplace. Howell alleges that he "was *not* in any genital pain" and that the only lingering disability was manifested by "torn cartilage in [his] right knee" that "contributed to [him] having to adjust [his] seat" and his "groin area" to "get comfortable when [he] sat in the office chairs." (Doc. 2-1 at 7) (emphasis added). Construed in the light most favorable to Howell, this does not amount to a substantial limitation. Howell does not allege any other limitation in his ability to perform his job.

Even if Howell fails to allege that he is substantially limited in a major life activity by his disability, Howell could still potentially allege a valid claim if his employer harassed him with the mistaken belief that his disability substantially impaired a major life activity, even if it doesn't. "Under the ADA, the definition of disability also includes being regarded as having an impairment that substantially limits a major life activity." *Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1241 (10th Cir. 2001) (citing 42 U.S.C. § 12102(2)(C)). "A person is 'regarded as' disabled within the meaning of the ADA if '(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that the person's actual, non-limiting impairment substantially limits one or more major life activities.'" *Lusk*, 238 F.3d at 1241 (quoting *Sorensen v. University of Utah Hospital*, 194 F.3d 1084, 1088 (10th Cir.1999).

Howell alleges that one employee, John, responded "it's because you're disabled" when Howell asked his employer about West's allegedly erroneous timekeeping system. (Doc. 2-1 at 8). Howell further alleges that another employee, Patrick, made repeated "sly" comments to "have a seat […] because you are disabled" (presumably to elicit Howell's groin adjustment). *Id.* For Howell to state a claim in this scenario, he would need to state that either Patrick or John actually perceived him to have a substantial disability that impaired a major life activity (*i.e.* sitting). When construing the petition in the light most favorable to Howell, however, the Court cannot conclude that any West employee perceived Howell's injury to substantially limit his ability to sit and work at a computer. Accordingly, Howell has failed to state a claim under the ADA.

### C. Civil Rights Act of 1991

Howell also seeks relief under the Civil Rights Act of 1991, which creates compensatory and punitive relief under the ADA for discriminatory practices and instances in which a "good faith effort" to accommodate an employee's disability is not present. 42 U.S.C. § 1981(a)-(b). However, the standards for a claim under the ADA apply to this provision of the Civil Rights Act. Therefore, Howell's claim fails for the same reasons as his ADA claim.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 10) is **granted**. Based upon the allegations contained in plaintiff's petition, it does not appear that he could allege any further allegations which would cure the noted defects. Plaintiffs' claims are therefore **dismissed without prejudice**.

A separate judgment of dismissal will be entered herewith.

**ORDERED** this 5th day of August, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE